IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DELMAR EARL SHELBY, #13089                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 2:12-cv-37-KS-MTP

LATASHA CLAY, ET AL.                                                          DEFENDANTS

MEMORANDUM OPINION

Plaintiff, an inmate currently incarcerated at the South Mississippi Correctional

Institution (SMCI), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on March 6, 2012.

The named Defendants are Latasha Clay, Mail Clerk at SMCI; Gia McLeod, Inmate Legal

Assistance Program Supervisor;  and Ron King, Superintendent of SMCI.

Plaintiff generally complains that he does not have adequate work space within the legal

assistance office, that he is rushed when submitting his legal documents for mailing and the

workers are unprofessional.  Specifically, Plaintiff complains that he has been threatened by

Defendant Clay and she uses vulgar language in his presence.  Plaintiff claims that on one

occasion some of his legal mail was incorrectly sent to the Court of Appeals for the Fifth Circuit.

Plaintiff states that he contacted Defendants McLeod and King regarding the situation and

complains that he did not receive a response to his letters but only received responses to

grievances he submitted via the administrative remedy program, which were ultimately denied.

Plaintiff seeks monetary damages and injunctive relief.

Plaintiff has been granted permission to proceed *in forma pauperis* in this case.  Since

Plaintiff is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case

screening procedures of 28 U.S.C. § 1915, which may occur prior to the service of process.  As

part of this screening process, the Court is permitted to *sua sponte* dismiss a complaint filed *in*

*forma pauperis* if the complaint is frivolous.  *See* 28 U.S.C. § 1915 (e)(2)(B)(i).  "A complaint is

frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate

success."  *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).

In order to prevail on a denial of legal access claim the Plaintiff must show that his

position as a litigant was prejudiced by his denial of access to the courts.  *See Eason v. Thaler*,

73 F.3d 1322, 1328 (5th Cir. 1996).  After review of Plaintiff's Complaint, the Court entered an

Order [ECF No. 17] directing Plaintiff to file a written response to specifically state how his

position as a litigant was prejudiced by the alleged denial of access to the courts.  Plaintiff filed

his Response [ECF No. 20] along with a supplemental Response [ECF No. 21].  Plaintiff did not

state how his legal position in any state or federal case has been prejudiced.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to plead his

case prior to *sua sponte* dismissal.  *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir.

1983) (finding that liberally construing a *pro se* litigant's pleadings does not allow a Court "to

conjure up unpled allegations").  An Order [ECF No. 25] was entered directing Plaintiff to file a

written response showing cause why this case should not be dismissed as legally frivolous.  The

Order directed Plaintiff that his response "should specifically state how his position as a litigant

has been prejudiced by the alleged denial of access to the courts.  *See Eason*, 73 F.3d at 1328

("[T]o make out a claim that his constitutional right of access to the courts has been violated,

[the plaintiff] must have demonstrated that his position as a litigant was prejudiced by his denial

of access to the courts.")."  Order [ECF No. 25] at 2.  In response, Plaintiff filed a pleading

entitled "Motion to Show Cause of Constitutional Violations and Case Should be Stayed" [ECF

No. 26].  The Court has liberally construed Plaintiff's latest pleading along with the other 14

pleadings (that actually contain allegations) consisting of 95 pages to determine that Plaintiff's

claims do not rise to the level of a constitutional deprivation that is actionable under § 1983.

As mentioned above, a prisoner has a constitutionally protected right to access the courts.

*See Lewis v. Casey*, 518 U.S. 343, 350 (1996)(citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).

A prisoner must show that he suffered actual prejudice as a litigant to maintain a denial of access

claim.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(holding that "without

proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim").  The

Plaintiff has not missed any deadlines or suffered any type of prejudice in this case.  At best,

Plaintiff speculates that he might suffer some type of actual prejudice in the future.  As an

example, in Plaintiff's latest pleading, he states that he might suffer "prejudice of his case in the

coming future." Resp. [ECF No. 26] at 2.  It is also relevant to point out that the Plaintiff is

currently litigating another § 1983 Complaint in this Court.  *See Shelby v. Dupree, et al.*, civil

action no. 3:12cv381 (S.D. Miss.).  Plaintiff was granted pauper status in this case and the Court

directed process to issue.  The Defendants have filed an answer and on August 20, 2012, Plaintiff

filed a response in opposition to the answer.  The case clearly has not been dismissed nor has

Plaintiff missed any deadlines in this case.  Because Plaintiff has not established that he suffered

an actual injury resulting from the complained of actions, this claim must be dismissed as legally

frivolous.  *See McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)(holding that plaintiff

"must establish that his position as a litigant was prejudiced by his denial of access to the

courts");  *see also Smith v. Polunsky*, No. 00-40362, 2000 WL 1468717, *2 (5th Cir.

2000)(affirming frivolous dismissal of legal access claim for inmate's failure to demonstrate

actual prejudice).

To the extent Plaintiff is claiming that threatening remarks made to him by Defendant

Clay or any other prison staff are a violation of his constitutional rights, his claim also fails.  As

the Fifth Circuit has explained, "mere threatening language and gestures of a custodial officer do

not, even if true, amount to constitutional violations."  *McFadden v. Lucas*, 713 F.2d 143, 146

(5th Cir. 1983)(citation omitted);  *Boettner v. Raimer*, 122 F. App'x 711, 713 (5th Cir.

2004)("threats made against inmates by prison officials do not amount to constitutional

violations").

Likewise, to the extent Plaintiff is asserting that Defendants McLeod and King did not

adequately respond to his grievances regarding his treatment within the legal office or failed to

rectify the alleged unprofessional conduct of staff within the legal office, these claims also fail.

First, an inmate does not have a federally protected liberty interest in the investigation and

processing of his prison grievances or in having grievances resolved to his satisfaction.  *See*

*Widner v. Aguilar*, 398 F. App'x 976, 979-80 (5th Cir. 2010);  *Geiger v. Jowers,* 404 F.3d 371,

373-74 (5th Cir. 2005).  Secondly, under § 1983,  "a supervisory official may be held liable . . .

only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2)

he implements unconstitutional policies that causally result in the constitutional injury."

*Wernecke v. Garcia,* 591 F.3d 386, 401 (5th Cir. 2009). Since Plaintiff has not suffered a

constitutional deprivation there can be no supervisory liability.

Plaintiff also states that "this Court has supplement[al] jurisdiction over [his] state law

tort claim under 28 U.S.C. § 1367."  Compl. [ECF No.1] at 5.  Supplemental jurisdiction may be

declined if "the district court has dismissed all claims over which it has original jurisdiction."

28 U.S.C. § 1367(c)(3).  Since the Court has dismissed the § 1983 claims, the Court declines

jurisdiction over any state law claims.

CONCLUSION

As explained above, Plaintiff's claims do not rise to the level of a constitutional deprivation.  As such, this case will be dismissed with prejudice, as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).  *See e.g., Widner v. Aguilar*, 398 F. App'x 976, 979-80 (5th Cir. 2010)(affirming frivolous dismissal of inmate's claims of threats, denial of legal access and supervisory liability for failure to investigate grievances).  Any state law claims Plaintiff may be asserting are dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 22nd  day of August, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE